

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4787

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Jones" (2007). *2007 Decisions*. Paper 1661.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1661

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4787

UNITED STATES OF AMERICA

v.

BRANDON JONES,

Appellant.

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 03-cr-00527)
District Judge: Honorable John R. Padova

Submitted Under Third Circuit LAR 34.1(a)
January 30, 2007

Before: BARRY and ROTH, Circuit Judges, and
DEBEVOISE*, Senior District Court Judge

(Opinion Filed: February 7, 2007)

OPINION

_____

* Honorable Dickinson R. Debevoise, Senior District Court Judge for the District of New
Jersey, sitting by designation.

**Debevoise, Senior District Court Judge**

Appellant, Brandon Jones, appeals from a sentence the District Court imposed after remand from this Court, following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Jones contends that the District Court, when imposing the second sentence, improperly applied guideline enhancements that the indictment had not charged. Jones's appointed counsel on appeal, Paul J. Hetznecker, Esq., filed an Anders brief and a motion to withdraw as counsel, asserting that all potential grounds for appeal are frivolous. Jones filed a brief in opposition to the Anders brief and in support of his appeal. For the reasons set forth below, we will grant the motion to withdraw and affirm the judgment of the District Court.

**I.**

Under Anders v. California, 386 U.S. 738 (1967), if counsel "finds [a] case to be wholly frivolous, after a conscientious examination" of the potential grounds for appeal, s/he should "advise the court and request permission to withdraw." Id. at 744. This request must be accompanied by "a brief referring to anything in the record that might arguably support the appeal," id., "explain[ing] to the court why the issues are frivolous," United States v. Marvin, 211 F.3d 778, 781 (3d Cir. 2000), and demonstrating that s/he has "thoroughly scoured the record in search of appealable issues," id. at 780. A copy of counsel's brief must be furnished to the appellant, who must be given time to raise non-frivolous arguments in a *pro se* brief. Anders, 386 U.S. at 744; Third Circuit LAR 109.2(a)(2000).

We "confine our scrutiny to those portions of the record identified by an adequate Anders brief . . . [and] those issues raised in Appellant's *pro se* brief." United States v. Youla, 241 F.3d 296, 301 (3d Cir. 2001). We do not "comb the record . . . for possible nonfrivolous issues that both the lawyer and his client may have overlooked," as "[our] duty is merely to determine whether counsel is correct in believing those grounds [raised are] frivolous." United States v. Wagner, 103 F.3d 551, 552-53 (7th Cir. 1996). We grant counsel's Anders motion to withdraw if we believe "that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim," McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988), and if we conclude "that the appeal lacks any basis in law or fact," id. at 439 n. 10.

## II.

As we write for the parties, only a brief summary of pertinent facts and procedural history is necessary. On February 14, 2003, a jury found Jones guilty of a single count of carjacking in violation of 18 U.S.C. § 2119. On October 24, 2003, under the then mandatory Sentencing Guidelines system, the District Court imposed a sentence on Jones that included 110 months of imprisonment.

At the October 24 sentencing hearing, the Court determined that the base offense level was 20 under U.S.S.G. § 2B3.1(a). It found that the following enhancements should be applied: i) two levels for making a death threat under U.S.S.G. § 2B3.1(b)(2)(F), Supp. App. 65-72; ii) two levels for restraining the victim to facilitate commission of the offense or escape under U.S.S.G. § 2B3.1(b)(4)(B), Supp. App. 72-86; iii) two levels for an

3

offense involving carjacking under U.S.S.G. § 2B3.1(b)(5), Supp. App. 86-87; iv) one level for an offense involving a loss exceeding $10,000 under U.S.S.G. § 2B3.1(b)(7)(B), Supp. App. 87-90; v) two levels for obstruction of justice under U.S.S.G. § 3C1.1, Supp. App. 90-100; and vi) two levels for reckless endangerment during flight under U.S.S.G. § 3C1.2, Supp. App. 100-04.

The Court granted Jones's motion for a downward departure on the ground that his criminal history of II overstated his criminal history category and sentenced Jones as if his criminal history category were I. Jones's total offense level, with the enhancements, was 31 and with a criminal history category of I resulted in a guideline sentencing range of 108 to 135 months. The Court imposed a sentence of 110 months imprisonment.

Jones appealed the judgment of conviction and sentence on a number of non-sentencing grounds. The Court of Appeals found none had merit but remanded for resentencing under Booker.

On October 20, 2005, the District Court resentenced Jones. Again, applying the now-advisory guidelines, the Court determined that Jones had an offense level of 31, based on the enhancements previously applied, and he was in criminal history category I. The Court held that the enhancement findings could be made under a preponderance of the evidence standard.

Having computed the guideline score, the District Court considered the 18 U.S.C. § 3553(a) factors. Jones called witnesses and spoke to the Court about his post sentencing rehabilitation. The Court imposed a sentence of 88 months, considerably

4

lower than the previous sentence of 110 months computed when the guidelines were mandatory. The Court explained the reasons for the sentence, including Jones's failure to express any remorse for the crime, his youth, his mental health and family background, the seriousness of the offense, and Jones's need of further rehabilitation.

### III.

In his Informal Brief in response to the <u>Anders</u> brief and in support of his appeal, Jones makes the same arguments that he advanced in support of his initial appeal:

> At Appellant's resentencing hearing, the only action taken by the district court was to take into consideration Appellant's post - incarceration rehabilitation, disregarding the reason for this Court's remand in the first place, which was Appellant's claim on direct appeal that no enhancements should have been applied to appellant's sentence that were not charged in the indictment.
>
> …
>
> Furthermore, without these enhancements, Appellant's Base Offense Level ("BOL") would be 22, bringing his sentence to 41 to 51 months.
>
> …
>
> The district court applied the wrong standard at Appellant's resentencing hearing. The district court erred when it failed to accept oral argument and/or consider the impact of the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u> in Appellant's case.

Jones fails to understand the fundamental difference between the procedures that the District Court followed at the first sentencing hearing and those that the Court followed at the second sentencing hearing. At the first hearing, the Court computed the guideline score, applying the applicable enhancements, and imposed a prison sentence within the guideline range as the Court was required to do under then applicable law. At

5

the second hearing, the Court again computed the guideline score, applying the applicable enhancements, but the Court did not automatically impose a prison sentence within the guideline range. By virtue of <u>Booker,</u> the Court was no longer required to impose a sentence within the guideline range but was required to consider all the 18 U.S.C. § 3553(a) factors, treating the guideline range as advisory only. It is obvious that the Court adhered to these procedures, because the ultimate sentence was considerably lower than the sentence that the guidelines called for.

In the present case, the District Court followed precisely the procedures prescribed by the Court. We have held: "In consideration of the § 3553(a) factors, a trial court must calculate the correct guidelines range applicable to a defendant's particular circumstances." <u>United States v. Cooper</u>, 437 F.3d 324, 330 (3d Cir. 2006). "As before <u>Booker</u>, the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence." <u>Id.</u> at 330[1]. Consequently, Jones's appeal has no merit.

**IV.**

For the reasons set forth above, we affirm the judgment of the District Court sentencing Jones to a prison term of 88 months and grant counsel's motion to withdraw.

---

[1] There remains the open question whether the preponderance standard applies to the determination that a defendant has committed a separate uncharged crime, where proof of that crime increases the guideline level. In <u>United States v. Grier</u>, 449 F.3d 558, 564-69 (3d Cir. 2006) a divided panel held that the preponderance standard applies even to this determination. The Court of Appeals has vacated this opinion and on September 9, 2006, heard reargument of the case en banc. The issue, however, is not relevant in this case.